RECEIVED
NOV 3 0 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

FILED
NOV 3 0 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHN DOE,

    Plaintiff, *pro se*

v.

CHARTER COMMUNICATIONS, a Connecticut corporation, and
HIRERIGHT, a Tennessee corporation,
PAUL FERGUSON, Clerk of the Circuit Court of Arlington County, Virginia,

    Defendants.

Case No.: 1:23CV01458 DII

**VERIFIED COMPLAINT AND JURY DEMAND**

I. FCRA violations
II. ADA violations
III. 14th Amendment violations

Plaintiff John Doe alleges as follows:

## PARTIES

1. Plaintiff John Doe resides in Austin, Texas.

2. Defendant Charter Communications LLC is a Connecticut limited liability corporation with offices across the country, including Austin, Texas, and employs more than 500 people.

3. Defendant HireRight LLC is a Tennessee limited liability corporation with offices across the country and employs more than 500 people.

4. Defendant Paul Ferguson is Clerk of the Circuit Court of Arlington County, Virginia, acting in his official capacity.

Page 1 of 8

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims based on federal law (the Fair Credit Reporting Act [FCRA], 15 U.S.C. § 1681, *et seq.*, the Americans with Disabilities Act [ADA], 42 U.S.C. § 12101, *et seq.*, and the Fourteenth Amendment to the U.S. Constitution, actionable under 42 U.S.C. § 1983) pursuant to 28 U.S.C. § 1331, and declarative authority under 28 U.S.C. § 2201. It has supplemental jurisdiction over Plaintiff's related state law claims (common law defamation and tortious interference) under 28 U.S.C. § 1367.

6. Venue is appropriate in this District under 28 U.S.C § 1391(b) because the acts that give rise to the claims occurred in Austin, Texas, where Plaintiff resides and was previously scheduled to be employed by Defendant Charter Communications.

## FACTUAL BACKGROUND

7. Plaintiff John Doe received a formal job offer for the position of Associate Network Engineer from Charter Communications in May, 2023, pending completion of a background check to be performed by HireRight.

8. Plaintiff was scheduled to begin work at Charter's Network Operations Center in Austin on June 19th, 2023.

9. On June 9th, 2023, based on records maintained by Defendant Ferguson, HireRight inaccurately reported to Charter that Plaintiff has a criminal record for the offense of "Violation Of Not Guilty By Reason Of Insanity Conditional

Release" which is listed as a "misdemeanor (or equivalent)" with a "sentence" recorded as an active warrant. See exhibit A.

10. Not only is this information wildly inaccurate and legally impossible, it reveals the existence of a disability because an "insanity" verdict in Virginia means, by definition, that there has been a diagnosis of disability.

11. Plaintiff notified Charter on June 12th, 2023, that the information in the report was inaccurate and in violation of the FCRA and ADA. See exhibit B.

12. A dispute was then initiated with HireRight but they failed to correct obvious errors in the report.

13. HireRight also failed to include Plaintiff's statement about the inaccuracy of the information in the report. See exhibit C.

14. On June 30th, 2023, Charter rescinded Plaintiff's job offer because he "[did] not pass Charter Communications' pre-employment screening process due to the Criminal Background Report." See exhibit D.

15. Charter indicated via phone and email that Plaintiff would "be receiving a second letter in the mail advising of the final status of your employment opportunity" which was to be extended or placed "on hold" until the warrant in Virginia could be cleared up. See exhibit D.

16. On June 30th, 2023, Plaintiff notified Charter that this matter would need to be adjudicated in federal court under the FCRA and ADA. See exhibit D.

17. Charter has since declined to communicate any further and has not extended their job offer to Plaintiff as promised.

18. A charge of disability discrimination was filed on October 6th through the EEOC, who declined to investigate and issued right to sue on October 10th, 2023. See exhibit E.

## FIRST CAUSE OF ACTION
## Violation of the Fair Credit Reporting Act

19. Plaintiff alleges and incorporates paragraphs 1 - 18 as if fully set forth herein.

20. HireRight has violated the FCRA by reporting that Plaintiff has a criminal record regarding a misdemeanor for which there is a warrant. In reality, the warrant is for failure to appear for a civil hearing. The NGRI process in Virginia is a purely civil process.[1] Revocation of release is not a crime under Va. Code § 19.2-182.8, nor is civil contempt a crime under Va. Code § 16.1-278.16. What was reported in the background check is excluded by the FCRA under 15 U.S.C. § 1681c(a)(5), and is also very obviously a clerical error that should have been corrected pursuant to 15 U.S.C. § 1681i.

21. HireRight violated the FCRA because they failed to take reasonable steps to correct these errors after Doe initiated a dispute. *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509 (5th Cir. 1982).

---

[1] e.g. "The hearing is a civil proceeding." Va. Code § 19.2-182.3, *et seq.*

22. HireRight has violated the FCRA by not including Doe's statement about the inaccuracy of this information in its report pursuant to 15 U.S.C. § 1681i.

23. Charter has violated the FCRA by improperly using erroneous information obtained in the report to make the adverse decision to withdraw the job offer made to Doe in May of 2023.

24. Charter has retaliated against Plaintiff Doe in violation of the FCRA by declining to extend their job offer as promised in June, a further adverse decision, after he notified them of his intent to litigate the inaccuracies in the report.

25. Any of the aforementioned inaccuracies reported by HireRight to Charter are also actionable under the common law torts of defamation and tortious interference pursuant to 15 U.S.C. § 1681h(e).[2]

## SECOND CAUSE OF ACTION
### Violation of the Americans With Disabilities Act

26. Plaintiff alleges and incorporates paragraphs 1 - 25 as if fully set forth herein.

27. Charter has violated the ADA by withdrawing the job offer made to Plaintiff Doe after learning of his diagnosis of disability, i.e. "insanity." This decision was based on *prima facie* disability discrimination as a contributing factor

---

[2] *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974) (citing *Rosenblatt v. Baer*, 383 US 75, Supreme Court (1966)); *Hood v. Dun & Bradstreet, Inc.*, 486 F.2d 25 (5th Cir. 1973); *Lomas Bank USA v. Flatow*, 880 S.W.2d 52 (Tex. App. 1994).

because the only accurate information in the report was the existence of a disability.

28. Charter has retaliated against Plaintiff Doe in violation the ADA by declining to extend their job offer as promised after being notified that Plaintiff would litigate their discriminatory decision.

### THIRD CAUSE OF ACTION
### Violation of the Fourteenth Amendment to the U.S. Constitution

29. Plaintiff alleges and incorporates paragraphs 1 - 28 as if fully set forth herein.

30. Defendant Ferguson, in his official capacity, has violated the Equal Protection Clause and Due Process Clause by recording a civil rehabilitation process as a criminal matter.[3]

31. Defendant Ferguson, in his official capacity, has violated the Due Process Clause by reporting that Plaintiff Doe is charged with crimes that do not exist.

32. Defendant Ferguson, in his official capacity, has violated Plaintiff Doe's substantive due process right to privacy by revealing sensitive, highly personal, grossly inaccurate, and extraordinarily damaging medical information to HireRight. See *Whalen v. Roe*, 429 U.S. 589, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977).

---

[3] See *Baxstrom v. Herold*, 383 U.S. 107, 86 S. Ct. 760, 15 L. Ed. 2d 620 (1966); *Foucha v. Louisiana*, 504 U.S. 71, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992); *Jones v. United States*, 463 U.S. 354, 103 S. Ct. 3043, 77 L. Ed. 2d 694 (1983) ("[Acquittee] was not convicted, he may not be punished.").

33. Defendant Ferguson, in his official capacity as policymaker for Arlington County, Virginia, is liable after *Monell* for damages done to Plaintiff Doe under 42 U.S.C. § 1983. See *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005).

## JURY DEMAND

Plaintiff demands a trial by jury in this matter.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## PRAYER FOR RELIEF

Wherefore, Plaintiff John Doe respectfully prays for the following relief:

1. Judgment for past and future economic damages in an amount to be proven at trial;

2. Judgment for past and future non-economic damages in an amount to be proven at trial;

3. Judgment for liquidated, exemplary, and/or punitive damages to the extent authorized by law;

4. Prejudgment interest;

5. Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as allowed under applicable state and federal law;

6. Reasonable attorney's fees and costs as authorized by law;

7. Any further relief the Court deems just and proper.

Dated this **28th day of November, 2023.**

/s/ John Doe
_____
JOHN DOE
Plaintiff, *pro se*
Austin, TX