IN THE UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

NOV 3 0 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　　　　DEPUTY

| | |
|---|---|
| **JOHN DOE,**<br><br>　　　　Plaintiff, *pro se*<br><br>v.<br><br>**CHARTER COMMUNICATIONS**, a Connecticut corporation, and **HIRERIGHT**, a Tennessee corporation,<br>**PAUL FERGUSON**, Clerk of the Circuit Court of Arlington County, Virginia,<br><br>　　　　Defendants. | Case No.:<br><br>1:23CV01458 DII<br><br>**MOTION FOR LEAVE TO PROCEED ANONYMOUSLY** |

　　Plaintiff seeks leave from the Court to proceed anonymously (1) because the information at issue is being challenged as unconstitutional and to disclose it under Plaintiff's true name would be self-defeating, (2) because of the sensitive and highly personal medical information central to the case, and (3) because Plaintiff has a Fifth Amendment right to avoid self-incrimination by revealing his fugitive status.  He is therefore requesting a Fed.R.Civ.P. Rule 26(c) protective order from the Court to redact his legal name and identifying information from all filings. Obviously, the Defendants are aware of Doe's identity and will not be prejudiced.

Page 1 of 6

## DISCUSSION

The standard for anonymity in the Fifth Circuit is outlined in *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981), the criteria being whether (1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy;" and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. All of these elements are present in this case.

## CONSTITIONAL CHALLENGE

The information central to this case is being challenged here and elsewhere as unconstitutional. This is not a particularly close question. The Supreme Court outlawed "criminal commitment" in 1966 in a case called *Baxstrom*, reiterated most recently in *Foucha v. Louisiana*, 504 U.S. 71, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992) ("As [acquittee] was not convicted, he may not be punished"). This is also ostensibly true under Virginia law: Va. Code § 19.2-182.3, *et seq.*, reads "[t]he hearing is a civil proceeding." Yet Defendant Ferguson's office has been maintaining records of these civil hearings involving Plaintiff as criminal matters since 2015 and has recently begun disclosing these records on Plaintiff's background checks. The background check in this case furnished by HireRight from Arlington Circuit Court records also includes a misdemeanor charge for the offense of "Violation Of Not Guilty By Reason Of Insanity Conditional Release." This crime does not actually exist under Va. Code § 19.2-182.8. Thus, the records

being reported to HireRight by the Clerk's office in Arlington are clearly in violation of the equal protection and due process clauses of the Fourteenth Amendment after *Foucha*. Since the FCRA makes disclosures of inaccurate information illegal, a district court requiring the same disclosure under a plaintiff's true name would make the litigation self-defeating—the plaintiff would incur the injury being litigated against, an absurd situation.[1]

## MEDICAL PRIVACY

Also challenged as unconstitutional here and elsewhere is the disclosure of sensitive, highly personal, grossly inaccurate and damaging medical information by Defendant Ferguson's office indicating that Plaintiff Doe is "insane," having been erroneously diagnosed with disabilities he doesn't have. There is a substantive due process right to privacy in medical information just as in *Roe v. Wade*, 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973), recently *upheld* in with respect to *disclosures* in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228, 597 U.S., 213 L. Ed. 2d 545 (2022). And because Plaintiff's legal name is not germane to the case, and withholding it would not obstruct the public's

---

[1] The Second Circuit anonymity standard considers "(3) whether … the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity" *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185 (2d Cir. 2008).

First Amendment right of access,[2] requiring this Plaintiff to disclose medical information under his true name would be an arbitrary and purposeless imposition impinging on his Fourth, Fifth, and Fourteenth Amendment rights to privacy. Again, this would also produce an absurd and self-defeating result because these are exactly the constitutional claims made in the Complaint.

Fifth Circuit courts do sometimes grant anonymity for mental illness as a discretionary matter, for instance in *Doe v. Tonti Mgmt. Co.*, No. 2:20-cv-02466-LMA-MBN (E.D. La. Sept. 11, 2020), granting Motion, *id.* (Sept. 9, 2020) ("major depressive disorder, anxiety, and PTSD caused by a sexual assault").

Disclosure of this information has already led to multiple employment suits recently, and has created severe and pervasive harassment more than once. There is also a nearly identical FCRA suit soon to be filed consecutively in this Court — not because it is especially lucrative but because the information must be corrected before it spreads among data brokerages and causes further injury. Therefore, to deny anonymity in these circumstances would be to deny access to the courts since proceeding under Plaintiff's true name would guarantee that the situation be made worse.

---

[2] "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Stegall, supra* at 185.

## SELF-INCRIMINATION

Also being challenged in other courts as unconstitutional is the bench warrant at issue here, which is, in reality, for failure to appear for a civil hearing and lists Doe as a fugitive. This is also illegal since the Virginia statutes Doe has been confined under since 2015 are facially unconstitutional. Nonetheless, until there is a declarative judgement or injunction from the Fourth Circuit courts, Doe is still at risk of indictment and arrest for escape under Virginia law[3] and therefore has a Fifth Amendment right to avoid incriminating himself similar to the plaintiff in *Doe v. Plyler*, 458 F. Supp. 569 (E.D. Tex. 1978) (illegal aliens challenging exclusion from public schools) which received tacit endorsement from the Supreme Court in *Plyler v. Doe*, 457 U.S. 202, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982).

---

[3] Code of Virginia § 19.2-182.15. Escape of persons placed on conditional release; penalty: Any person placed on conditional release pursuant to § 19.2-182.7 who leaves the Commonwealth without permission from the court which conditionally released the person shall be guilty of a Class 6 felony.

## CONCLUSION

For the reasons stated above, Plaintiff requests a Rule 26(c) protective order forbidding the disclosure of his legal name and personally identifying information. In the alternative, Plaintiff suggests this be granted temporarily as a minute order until a decision on appointment of counsel is reached, after which a proposed protective order can be written with assistance.

Respectfully submitted and dated this **29th day of November, 2023.**

/s/ John Doe
---

JOHN DOE
Plaintiff, *pro se*
Austin, TX