# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** *Plaintiff* | § § § | |
| **v.** | § § | Case No. 1:23-CV-01458-DII-SH |
| **CHARTER COMMUNICATIONS LLC, HIRERIGHT LLC, and PAUL FERGUSON, Clerk of the Circuit Court of Arlington County, Virginia** *Defendants* | § § § § § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** THE HONORABLE DISTRICT COURT

Before the Court are Plaintiff John Doe's Complaint (Dkt. 1), Application to Proceed *In Forma Pauperis* (Dkt. 2), Application for Permission to File Electronically (Dkt. 3), Motion for Appointment of Counsel (Dkt. 4), and Motion for Leave to Proceed Anonymously (Dkt. 5), all filed November 30, 2023. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for cases assigned to Austin Docket II. Dkt. 7.

### I. Background

*Pro se* Plaintiff John Doe, a resident of Austin, Texas, attempts to file this suit anonymously against Charter Communications LLC, a Connecticut limited liability company, HireRight LLC, a Tennessee limited liability company, and Paul Ferguson, Clerk of the Circuit Court of Arlington County, Virginia. Plaintiff alleges that he received a job offer from Charter in May 223 for the position of Associate Network Engineer at Charter's Network Operations Center in Austin. Complaint (Dkt. 1) ¶¶ 7-8. Plaintiff alleges that he was scheduled to begin work on June 19, 2023,

1

"pending completion of a background check to be performed by HireRight." *Id.* Plaintiff alleges that HireRight's background investigation report "inaccurately reported" that an active warrant ("Warrant") had been issued against him in Arlington, Virginia for the misdemeanor offense of "Violation Of Not Guilty By Reason Of Insanity Conditional Release" *Id.* ¶ 9; Dkt. 1-2 at 13-14. He does not contest that the Warrant exists, but alleges that this information was "wildly inaccurate and legally impossible" because "[i]n reality, the warrant is for failure to appear for a civil hearing." Dkt. 1 ¶¶ 10, 20. Plaintiff also alleges that the report reveals he has a disability "because an 'insanity' verdict in Virginia means, by definition, that there has been a diagnosis of disability." *Id.* ¶ 10. Plaintiff alleges that Charter rescinded its job offer after he received the report. *Id.* ¶ 14.

In his Complaint, Plaintiff asserts (1) Fair Credit Reporting Act ("FCRA") claims against HireRight and Charter; (2) Americans with Disabilities Act ("ADA") claims against Charter; and (3) Fourteenth Amendment due process and equal protection claims against Ferguson, who allegedly maintained the inaccurate criminal records. Plaintiff previously sued Ferguson and challenged the validity of the Warrant in the Eastern District of Virginia, which abstained from the case because it challenged ongoing state criminal and civil proceedings. *Pendleton v. Miyares*, 1:23-CV-446 (LMB/IDD), 2023 WL 7109681, at *2-3 (E.D. Va. Oct. 3, 2023). Plaintiff then filed a habeas petition against Ferguson and others in the same court, which dismissed his petition for failure to exhaust state remedies or show exceptional circumstances. *Pendleton v. DiMatteo*, 3:23CV734 (RCY), 2023 WL 8281683, at *3 (E.D. Va. Nov. 30, 2023).

## II.   Application to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. The Court hereby **GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).

2

This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III.   Application for Permission to File Electronically

Plaintiff asks the Court to approve his request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 3) and **ORDERS** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action. If he has not already done so, Plaintiff is directed to review the "General Information" section on the "CM/ECF" tab on the United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

### IV.   Motion for Appointment of Counsel

Plaintiff also asks the Court to appoint counsel. District courts have discretion under Section 1915(e)(1) to appoint an attorney to represent an indigent litigant. "There is no general right to counsel in civil rights actions," and appointment of counsel is appropriate only in exceptional circumstances. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012). In evaluating whether appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Plaintiff has not demonstrated that exceptional circumstances warrant appointment of counsel in this case, or that it is unusual or complex. Plaintiff offers detailed facts and allegations in his Complaint and has successfully filed motions in this Court. The Court concludes that Plaintiff can adequately develop the facts and present his case in any further proceedings. *See Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (denying appointment of counsel in a civil rights case where it presented no exceptional circumstances and plaintiff could represent himself adequately). The Court **DENIES** Plaintiff's Motion for Appointment of Counsel (Dkt. 4).

### V. Motion for Leave to Proceed Anonymously

Next, Plaintiff asks the Court to permit him to file his claim anonymously. Rule 10(a) requires the plaintiff to disclose all names of parties in the complaint, and there is a "clear and strong First Amendment interest" in keeping court proceedings transparent. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981). There is "no hard and fast rule"; instead, courts "must decide whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally-based presumption of openness in judicial proceedings." *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007). Relevant factors considered include whether (1) the plaintiff seeking anonymity is suing to challenge governmental activity; (2) prosecution of the suit compels the plaintiff to disclose information of "the utmost intimacy"; and (3) the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution. *Stegall*, 653 F.2d at 185.

Mental illness may constitute information of the utmost intimacy justifying anonymity. *Doe v. Compact Info. Sys.*, No. 3:13-CV-5013, 2015 WL 11022761, at *4 (N.D. Tex. Jan. 26, 2015). Federal law recognizes "an individual's right to privacy concerning medical diagnoses and other

information." *Doe v. Franklin Bank*, No. A-08-CA-293, 2008 WL 11334179, at *4 (W.D. Tex. Sept. 3, 2008), *R. & R. adopted,* 2008 WL 11334522 (W.D. Tex. Oct. 29, 2008).

Plaintiff alleges that Defendants have disclosed or acted on information that he was diagnosed as "insane." Dkt. 1 ¶¶ 9-10, 27. He also argues that disclosing his name would be "self-defeating" because he seeks to avoid having the alleged diagnosis disclosed at all. Dkt. 5 at 3-4. But Plaintiff has disclosed his name to the Court in his Application to Proceed *In Forma Pauperis* and in two lawsuits challenging the Warrant. Dkt. 2 at 1; *DiMatteo*, 2023 WL 8281683; *Miyares*, 2023 WL 7109681. Because Plaintiff's challenge to the Warrant is already a matter of public record, the Court finds that his privacy interest does not outweigh the presumption of openness in judicial proceedings and **DENIES** Plaintiff's Motion for Leave to Proceed Anonymously (Dkt. 5).

## VI.   Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts that show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not state a claim on which relief may be granted. *Twombly*, 550 U.S. at 555. The Court must "liberally construe[ ]" a *pro se* litigant's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## A. FCRA Claim Against Charter

Plaintiff alleges that Charter violated the FCRA by "improperly using erroneous information" in his criminal record that it received from HireRight. Dkt. 1 ¶¶ 20-23. The FCRA "explicitly states that there is no private right of action against users of consumer reports." *Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-4082, 2022 WL 17730574, at *4 (S.D. Tex. Aug. 31, 2022); 15 U.S.C. § 1681m(h)(8)(a). Plaintiff's FCRA claim against Charter is barred.

## B. Section 1983 Claim Against Ferguson

Plaintiff alleges Ferguson violated the Fourteenth Amendment by falsely reporting that he was charged with a crime and disclosing his disability. Dkt. 1 ¶¶ 29-33. As stated, Plaintiff sued Ferguson in the Eastern District of Virginia challenging the Warrant. *Miyares*, 2023 WL 7109681, at *1-2. That court abstained from hearing Plaintiff's claim and noted that Ferguson was immune.[1] *Id.* at *2 & n.3. Plaintiff's claim "is duplicative, reasserting allegations litigated in a prior suit, and thus may be dismissed as frivolous." *Wilson v. Lynaugh*, 878 F.2d 846, 847 (5th Cir. 1989).

---

[1] Court clerks possess "absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (citation omitted). Plaintiff alleges that Ferguson violated the Fourteenth Amendment by inaccurately recording information in court records and revealing medical information to HireRight. Dkt. 1 ¶¶ 29-32. The information is recorded in the Warrant. *Id.* ¶ 9. A clerk's recording of an active warrant is certainly an action performed at the discretion of the judge who issued the warrant and a task integral to the judicial process. Ferguson is entitled to absolute immunity from recovery for recording the warrant.

### C. FCRA Claim Against HireRight and ADA Claim Against Charter

Plaintiff alleges that HireRight violated the FCRA when it reported the Warrant and that Charter violated the ADA by relying on the Warrant to rescind its job offer. Dkt. 1 ¶¶ 20, 27.

Both Plaintiff's FCRA claim against HireRight and his ADA claim against Charter are based on his allegation that the Warrant is unlawful or inaccurate. *Id.* He alleges that HireRight's reporting was "based on records maintained by Defendant Ferguson," not that the report itself was in error. *Id.* ¶ 9. He alleges no additional facts to support his ADA claim against Charter apart from its reliance on the report. *Id.* ¶ 27. A finding for Plaintiff must also find that the Warrant is unlawful or inaccurate. As discussed above, Plaintiff already challenged the Warrant in the Eastern District of Virginia, which dismissed his claim under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). *Miyares*, 2023 WL 7109681, at *2; *see also DiMatteo*, 2023 WL 8281683, at * 3 (dismissing Plaintiff's habeas petition for failure to exhaust state remedies). The *Miyares* court found that Plaintiff did not show that the Warrant was unlawful or that any other exceptional circumstances applied to his claim. *Miyares*, 2023 WL 7109681, at *3.

The Court finds that Plaintiff's allegation that the Warrant is in error is clearly baseless, and his claims against HireRight and Charter are frivolous. As the Eastern District of Virginia stated, Plaintiff, "who is a fugitive from justice—should return to Virginia and seek relief directly from the Circuit Court of Arlington County where his arrest warrant and conditional release proceedings are pending." *Id.* at *2.

### VII.   Order and Recommendation

The Court **GRANTS** Plaintiff John Doe's Application to Proceed *In Forma Pauperis* (Dkt. 2) and Application for Permission to File Electronically (Dkt. 3). The Court **ORDERS** the Complaint (Dkt. 1) to be filed without prepayment of fees or costs or giving security therefore under 28 U.S.C.

§ 1915(a)(1). The Court **DENIES** Plaintiff's Motion for Appointment of Counsel (Dkt. 4) and Motion for Leave to Proceed Anonymously (Dkt. 5).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff John Doe's claims against Defendants Charter Communications LLC, HireRight LLC, and Paul Ferguson under 28 U.S.C. § 1915(e)(2)(B).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## VIII. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 13, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE